IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John D. Lynch, II, | C/A No.: 3:25-6638-CMC-SVH |
| Plaintiff, | |
| vs. | |
| Owners of Pine Grove Apartments, MIMG CC Pine Grove, Lexington County Sheriff (Koon), Irmo County File Marshal, and Mid Carolina Electric Cooperative, | REPORT AND RECOMMENDATION |
| Defendants. | |

John D. Lynch, II ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against the Owners of Pine Grove Apartments ("Owners"), its management company MIMG CC Pine Grove ("MIMG"), Lexington County Sheriff Jay Koon ("Sheriff"), Irmo County Fire Marshal ("Fire Marshal"), and Mid Carolinas Electric Cooperative ("MCEC") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be summarily dismissed.

I.     Factual and Procedural Background

Plaintiff alleges the court has federal question jurisdiction over the claim and states Owners are located in Colorado. [ECF No. 1 at 3]. He alleges "multiple

violations (4 at least) of [his] First Amendment rights" with "at least 4 invasions of privacy." *Id.* He appears to allege residents of Pine Grove Apartments, which is located near his residence, "have been making methamphetamine for at least 10 months" and MCEC has been supplying them with increased electricity. *Id.* at 7.

Plaintiff requests the court order removal of the methamphetamine lab and MIMG and Owners. *Id.*

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se

complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.     Analysis

Plaintiff checked a box on the complaint form indicating the court had federal question jurisdiction over the claim and further stated Owners were in Colorado, suggesting he was under the impression that the court had diversity jurisdiction, as well. The undersigned's review of the complaint supports neither basis for the court's jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject-matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

The two most recognized and utilized bases for federal court jurisdiction are (1) diversity of citizenship pursuant to 28 U.S.C. § 1332, and (2) federal question pursuant to 28 U.S.C. § 1331. There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d

4

394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189–90 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F.2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court.").

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373–74 nn.13–16 (1978). Although Plaintiff indicates a Colorado address for MIMG, ECF No. 1 at 4, 6, he provides addresses in Lexington and Irmo, South Carolina, for the other defendants. Because some of the defendants are citizens of South Carolina, complete diversity does not exist. In addition, because Plaintiff does not request the court award monetary damages, he has not asserted an amount in controversy in excess of $75,000. Thus, the court may not exercise diversity jurisdiction over this matter.

Liberal construction of Plaintiff's complaint suggests he may be attempting to bring suit under the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983. A civil action brought pursuant to § 1983 provides a means to vindicate violations of rights, privileges, or immunities secured by the Constitution and laws of the United States, but the statute is not a source of substantive rights.

*Albright v. Oliver*, 510 U.S. 266, 271 (1994). To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

Plaintiff alleges "multiple violations (4 at least) of [his] First Amendment rights" with "at least 4 invasions of privacy." [ECF No. 1 at 3]. However, he does not explain which of his First Amendment rights Defendants violated, how Defendants were acting under color of state law, how Defendants allegedly violated those rights, or how he was injured.

Plaintiff has failed to allege that Defendants are state actors. "[T]o be sued under § 1983, a defendant must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that [it] engaged in the state's actions." *Cox v. Duke Energy, Inc.*, 876 F.3d 625, 632 (4th Cir. 2017) (internal citation omitted). Private parties and entities are not state actors and are not amenable to suit under § 1983. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1985). As Owners, MIMG, and MCEC are private parties and entities, they are not state actors amenable to suit under § 1983.

In addition, a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution or federal law.

6

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); see also *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct): *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550, F.2d 926, 928 (4th Cir. 1977)). Although Plaintiff appears to allege some residents of Pine Grove Apartments have been manufacturing methamphetamine over a 10-month period, Plaintiff is not suing those residents. Instead, he is suing Owners, MIMG, Sheriff, Fire Chief, and MCEC. Plaintiff makes no specific allegations as to Owners, MIMG, or Sheriff such that it is unclear why he is suing them for the resident's activities. While he alleges MCEC is supplying electricity, he does not explain how the supplying of electricity to the alleged methamphetamine manufacturers has violated Plaintiff's rights under the First Amendment or any other provision of the Constitution or federal law. Plaintiff also fails to allege that he has sustained an injury due to Defendants' actions. Therefore, Plaintiff has failed to state a claim against Defendants under § 1983.

Because Plaintiff has failed to allege sufficient facts to invoke the court's jurisdiction, his complaint is subject to summary dismissal.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this matter be dismissed without prejudice for lack of subject-matter jurisdiction. The undersigned further recommends the court deny Plaintiff leave for amendment, as amendment would be futile and fail to correct the jurisdictional defect.

IT IS SO RECOMMENDED.

July 10, 2025　　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).