IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John D. Lynch (II), <br><br> Plaintiff, <br><br> vs. <br><br> Owners of Pine Grove Apartments; MIMG CC ii Pine Grove Sub LLC c/o Monarch Investment & Management Group; Lexington County Sheriff (Koon); Irmo County Fire Marshal; and Mid Carolina Electric Cooperative, <br><br> Defendants. | Civil Action No. 3:25-cv-6638-CMC <br><br> **ORDER** |

This matter is before the court on Plaintiff's Complaint. ECF No. 1. He alleges people living at Pine Grove Apartments have been making methamphetamine, with Mid Carolina supplying increased electricity, and seeks removal of the "meth lab, management company and Colorado owners." *Id.* at 7. He alleges violations of his First Amendment rights and claims invasion of privacy. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

On July 10, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be dismissed for lack of subject matter jurisdiction. ECF No. 10. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a letter but did not respond to the Report. ECF No. 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court is only required to review for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Plaintiff's filing is not an objection to the Report, and does not challenge or even discuss the Report's recommendation on subject matter jurisdiction. Instead, he "demands removal" of the Magistrate Judge from all his pending cases, and a full reconsideration of all 2024 cases he filed. He then inquires as to whether the Magistrate Judge has connections to any defendants in the previous case.

Plaintiff appears to seek recusal of the Magistrate Judge in a different case in his filing after the Report was entered; however, that case was dismissed by this court and is closed. Case No.

2

3:24-cv-2828 at ECF Nos. 19, 20.[1] Disagreements with the outcome of cases are insufficient reasons for recusal. A judge is not required to recuse because of "unsupported, irrational, or highly tenuous speculation;" to do so would allow a litigant "to exercise a negative veto over the assignment of judges." *U.S. v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998).

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings, the court agrees with the Report's recommendation the matter should be dismissed for lack of jurisdiction. Plaintiff does not assert the proposed Defendants are state actors such that suit can be brought under § 1983, and several are private companies. Diversity jurisdiction does not apply as there is not complete diversity of citizenship or allegations of damages of over $75,000.

Accordingly, the court adopts the Report by reference in this Order. This matter is hereby summarily dismissed without prejudice and without opportunity for amendment.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 7, 2025

---

[1] If the Magistrate Judge had a conflict, however, the case would be reassigned. Defendant is not entitled to the information sought in his letter.

3